# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON KEITH MILLER,** | : | CIVIL ACTION NO. 3:19-CV-1770 |
| Plaintiff | : | (Chief Judge Conner)[1] |
| v. | : | |
| **K. BRITTAIN and ATTORNEY GENERAL of PENNSYLVANIA,** | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Vernon Keith Miller asks the court to reconsider its dismissal of his petition (Doc. 1) under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Because we find that Miller substantially complied with this court's administrative order (Doc. 3), and that his initial failure to comply with that order was the result of excusable neglect, inadvertence, or mistake, we will grant Miller's motion (Doc. 5) for reconsideration. However, because we also find that venue is more appropriate in the Eastern District of Pennsylvania, we will transfer Miller's petition to that district pursuant to 28 U.S.C. § 1404(a).

## I.  Discussion

Miller, an inmate in state custody at SCI-Frackville, filed a petition (Doc. 1) under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody on October 11, 2019. The Clerk of Court for the Middle District of Pennsylvania issued an administrative order on the same date advising Miller that he must tender the

---

[1] This case was reassigned to the undersigned judicial officer following the recent passing of the Honorable A. Richard Caputo.

statutory filing fee of $5.00 or "file[] a properly completed application to proceed *in forma pauperis*" within 30 days or the petition would be dismissed without prejudice. (Doc. 3). When neither action was taken by Miller within those 30 days, on November 18, 2019, the court dismissed the petition without prejudice. (Doc. 4).

On December 10, 2019, Miller filed the instant motion for reconsideration accompanied by the earlier-requested $5.00 statutory filing fee. Miller asks the court to reconsider its order of dismissal on the basis that Miller did not realize that he had the funds for the fee and that, in response to the administrative order, he attempted to proceed *in forma pauperis* before realizing he was mistaken about his access to funds. (See Doc. 5). Miller generally rests his motion on Federal Rule of Civil Procedure 60(b) and specifically seeks relief based on his "excusable neglect" and "inadvertence" in not submitting a proper *in forma pauperis* application and not realizing that he could afford the statutory filing fee. (Id.)

Federal Rule of Civil Procedure 60(b) states that "[o]n motion and just terms, the court may relieve a party from . . . [an] order [for] mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b) (emphasis added). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court,' and is guided by accepted legal principles applied in light of all relevant circumstances." Carpenter v. Baltazar, No. 3:16-CV-2327, 2018 WL 539802, at *1 (M.D. Pa. Jan. 24, 2018) (quoting Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988)). As it pertains to writs of habeas corpus dismissed for failure to file an *in forma pauperis* application or failure to pay the $5.00 statutory filing fee, courts generally excuse slight delays in payment or proper filing when

2

such errors are subsequently corrected by the petitioner within a reasonable amount of time. See Johnson v. Lewisburg, 666 F. App'x 219, 220-221 (3d Cir. 2016) (nonprecedential); see also Perez v. Lindsay, No. 1:05-CV-2045, 2006 WL 2882966, at *1, 4 (M.D. Pa. Oct. 6, 2006).

Miller did not tender the required fee or file a proper *in forma pauperis* application within the 30 days prescribed by the administrative order, but he paid the fee shortly after his petition's dismissal and alleges that he made a good faith effort to otherwise comply with the administrative order before that time. See (Doc. 5); see also Johnson, 666 F. App'x at 21 (two-week delay excusable). As such, we find it appropriate to grant Miller's motion and reopen the case.

We further find that the interests of justice and the convenience of the parties require transfer of this matter to the United States District Court for the Eastern District of Pennsylvania. It is well settled that "[a] court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought." 28 U.S.C. § 1404(a); see Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484 (1973). The convictions and sentence challenged in Miller's petition were entered in the Court of Common Pleas of Lancaster County, Pennsylvania, located within the jurisdiction of the Eastern District. Presumably, records, transcripts, witnesses, and counsel are located within that district. We conclude that the convenience of the parties would be served and the interests of justice would be furthered by transfer of the above-captioned case to the Eastern District. See 28 U.SC. § 1404(a).

## II. Conclusion

For the reasons stated herein, the court will grant Miller's motion (Doc. 5) for reconsideration, reopen this case, and transfer Miller's petition to the United States District Court for the Eastern District of Pennsylvania. An appropriate order shall issue.

       /S/ CHRISTOPHER C. CONNER
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

Dated:    April 10, 2020